McReynolds, Ex'r vs. Gentry, Adm'r.

McREYNOLD'S Ex'r vs. GENTRY, Adm'r.

1. Under the 2d section of the act concerning dower, a widow, with an only child, is only entit'·d to one half the slaves and other personal estate belonging to the husband at the time of his death, including advancements to the child in the husband's life time.

# ERROR to Marion Circuit Court.

## STATEMENT OF THE CASE.

In the year 1845, William Henry died intestate, leaving a widow, Mary Henry, and one child only. Adaline Gentry, who had previously intermarried with Joshua Gentry. The deceased left a large personal estate. Joshua Gentry administered thereon. Mrs. Henry, the widow elected to take absolutely, a share of the personalty equal to the share of a child, as her dower, according to the 2nd section of the dower law of 1845. See Rev. C. of 1845, p 430. After the distribution of a large portion of the estate, but before final settlement, Mrs. H. died, leaving a will, and McReynolds, the plaintiff, executor thereof.

Wm. Henry in his life time gave to his daughter Adaline a negro, and some personal property of the value of $569. On application for distribution of the personal estate of Wm. Henry, still remaining in the hands of the administrator, at the May term, 1850, of the Marion county court. McReynolds, executor of Mrs. Henry's will, exhibited a petition praying that the defendants, Gentry and wife, be required to bring into hotchpot with the estate in the hands of the administrator, the value of the said property.($569) so advanced to Mrs, Gentry by the intestate in his life time. The county court overruled and refused the prayer of the petition and thereupon the plaintiff appealed to the circuit court where the petition again met the same fate. The plaintiff took his bill of exceptions, and prosecutes this writ of error to reverse the judgment of the circuit court

The error complained of consists in the alleged misdirection of the circuit court.

PRATT & REDD, for plaintiff in error.

This case presents only the following questions:

Whether a wife, who claims a child's part, in an estate, can compel the children to bring their advancements during the life of the intestate, into hotchpot.

The law of dower gives to the wife a child's part of the estate; in her election.

By the law of descents, if a child comes in as heir, he or she must bring the advancements into hotchpot, otherwise, excluded.

The wife must take as a child, that is unadvanced of the estate, otherwise she cannot take a child's part. If a child, that has been advanced in life time, can take an equal share, the wife will not take a child's part.

As if the estate were $600 00, and two children left—one advanced during life time $100; would not the child be compelled, by law, to bring into hotchpot as to wife and child? We hold that a wife takes the same part as a child, and, as to this case, is entitled to all a child's right. The law was made to favor the widow. And, Gentry cannot take only as against child of Henry.

McReynolds, Ex'r vs. Gentry, Adm'r.

DRYDEN, for defendants in error.

I. The doctrine of hotchpot had its origin in the common law, and was applicable alone to estates (real) in co-parcenary. Its object was to secure what a first father would, if living, desire. An equal provision for all his daughters—the parcenees. Afterwards, by the statute of distributions (22, 23 Car. 2 Ch., 10) the same doctrine, 'for the first time was made applicable to personal estates descended. None but the parceners could ever require the coparc. to bring her advancement into hotchpot. See Toller's law of executors, p. 378 (side;) 3 Bacon's abr., 77.

II. Descendants (children, &c.,) only are parceners. Their title is by descent. A widow, as such, can never be a parcenor; she may be a tenant in common. Her title is by purchase and not by descent.

III. Our statute leaves the application of the doctrine of hotchpot to the same class of titles, and the same class of tenants as at common law, and the Eng. Stat. of distributions viz: to estates in co-parcenary. See sec. 6 of descents and distribution, Rev. Code of 1845, p. 422.

IV. The widow is endowed of a certain portion of the estate "belonging to the husband at the time of his death." See 2nd sec. of dower law of 1845, Rev. Code, p. 430. If the plaintiffs' interpretation of this law be tenable, the widow, in case the child has been advanced, will take more than the child, of the estate "belonging to the husband at the time of his death." She may take it all.

NAPTON, J., delivered the opinion of the court.

The question presented by this record, is whether a widow with an only child advanced in the life time of the husband, in selecting the share of a child under the second section of the act concerning dower, is entitled to one half of "the slaves and other personal estate" of the husband, including the advancement to the child, or only one half of such property "belonging to the husband at the time of his death," excluding such advancement. The question is a new one, so far as we are advised, and depends entirely upon the construction of our statute.

The 6th section of the act concerning descents and distributions, provides, that where any of the children of the intestate who have received in his life time any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended. This has been the law in this State since 1815. In 1845, it was for the first time enacted, that when a husband dies, leaving a child or children or other advancements, the widow shall be entitled absolutely to a share in the slaves and other personal estate, belonging to the husband at the time time of his death, "equal to the share of a child of such deceased husband, &c."

Where there have been no advancements to the children, the contruction of the statute is plain enough. As the shares of the children

would, under the statute of distributions be equal, the widow would take precisely the same share with each of the children. Thus, if there were three children, she would take one fourth of the personal property of the husband at the time of his death, and each child would take the same. But a case occurs where advancements have been made to the children and such a case the legislature does not seem to have had in contemplation, or at all events, not to have clearly provided for. The statute admits of two constructions and between these we are now to determine.

One of these constructions is, that the widow takes a proportion of the estate, equal to the proportion of a child, not advanced, although advancements have been actually made. This is the construction given to the act by the circuit court of Pike county, in the case now under consideration. Upon this construction it is manifest, that where advancements have been made and in different proportions, the widow does not take the same share, or a share equal to that which any of the children take. For example, a husband dies, leaving a widow and three children, and personal estate equal in value to $3000. The oldest child has received by way of advancement $1000, the second $350, and the third no advancement. The widow gets one-fourth of the estate left, which is $750—the oldest child gets $200, the second $850 and the third $1200—so that the widow does not literally get a share of the slaves and personal estate, "belonging to her husband at the time of his death," equal to any of his children, but really gets a share equal to what all his children would have received had the law of the hotchpot been in force. In this respect, this construction of the statute seems to militate against the phraseology.

But in favor of this construction, it is contended, that the law of hotchpot was not made in favor of the widow, and the widow is not a porcener within the meaning of the 6th section of our statute of descents and distributions. There is no doubt that the doctrine or rule of hotchpot was originally only applicable as between the children, and unless the legislature have expressly made it applicable in favor of the widow, the children are not bound to bring advancements into hotchpot as between them and the widow.

On the other hand, it is said that the legislature, in the second section of the act concerning dower, have put the widow in the place of a child, and have given her all the rights and privileges incident to that relation, and among others the right to force the advanced children into hotchpot with her. Upon this construction the widow gets not only a share of the "slaves and personal property belonging to the husband at

the time of his death," but in fact a portion of the estate which he had previously given to his children. In the case just put, the widow gets $1087 50—the oldest child, who had been advanced a thousand dollars, receives $87 50—the second child, who had been advanced $350, receives $737 50, and the youngest child gets $1087 50. In other words, the widow receives a share of the slaves and personal estate of the husband, belonging to him at his death, equal to what each of the children receives, taking into the account the advancement made to them during the husband's life time.

We incline to believe, that the law of hotchpot was not in the eye of the legislature, when this section of the dower law was passed, and we conclude it best to have it restricted to the distribution among children until it is deemed proper to make it apply to the widow by unequivocal language. The language of the section is, to say the least, obscure, if it was designed to introduce the law of hotchpot in favor of the widow. The policy of such a change is certainly questionable, and a forcible consideration in favor of the instruction given to this section of the dower law by the circuit court is found in the fact, that this provision in favor of the widow is a mere alteration, and in cases where, under the construction now given, it is not found favorable to her interests, can always be declined.

Judgment affirmed.