## WILLIAM R. JACKSON *vs.* JANE S. JACKSON et al.

The rule is settled in England, and the same prevails in many of the States of this Union, that the value of the property at the time of an advancement must govern in the distribution after it has been brought into hotchpot; and the same rule prevails in this State under our statute.

By the terms used in the statute "bringing" or "returning" the advancement into the whole estate, it was not intended that the party should relinquish his interest in that particular property; but it was intended to be "brought" in for the purpose of being taken into consideration in making a distribution of the entire estate, in order to ascertain whether the advancement amounts to his full share of the estate. The title to the property is derived from the gift and cannot be affected by the distribution, and consequently, it must be estimated as at the time when the gift was made.

In such case, a party receiving an advancement is not liable for interest on

money advanced, or for the increase of slaves; and is not compelled to bring them into hotchpot.

In England the rule is well settled that advancements brought into hotchpot shall be considered only in the division among the children, and shall not go to increase the distributive share of the widow; and our statute on that subject recognizes the same rule.

The widow could not be the recipient of an advancement, and could have nothing to subject to the proceeding in hotchpot; therefore it is not to be presumed that she was intended to be embraced in its operation.

The rule is, that where error of law manifestly appears, the presumption of law is, that it was to the prejudice of a party complaining of it, and that the judgment will be reversed by reason of it, unless it appear by the record that it did not operate to the injury of the party complaining.

In error from the probate court of Kemper county; Hon. James F. Bohannon, judge of the probate court of Kemper county.

The opinion of the court contains, in substance, the facts of the case.

*Reavis*, for appellant.

The petition for the appeal shows the facts of the case, as developed by the record. These facts present two questions: First. Whether advancements, when brought into hotchpot, are to be estimated at their value at the time they were made, or at the time of the division; and, secondly, whether the widow is entitled to a share of the advancements when brought into hotchpot.

1. The authorities are all conclusive to show that advancements brought into hotchpot, must be estimated at their value at the time of the gift. 4 Bac. Abr. by Bouvier; 3 Rand. R. 117, 559; 1 Wash. (Va.) R. 224; 17 Mass. R. 358; 2 Dessaus. R. 127; 3 Pick. R. 450; 1 Serg. & Rawle, R. 422; 2 Hay. R. 366; 1 Murph. R. 93; 5 Har. & Johns. R. 459; 3 Yerg. R. 112; Jefferson, R. 10; 6 Ired. R. 4; 6 Ired. Eq. R. 528; 8 Ves. R. 51; 2 Lomax on Executors, 216, 217; 1 Tuck. Comm. 181.

The Virginia statute, and the statute of Mississippi, on the subject of advancements, are precisely alike, as will be seen by comparing 2 Lomax on Executors, p. 212, § 10, with Hutch.

Code, p. 623, § 51. And the rule under the Virginia statute is as above stated. See the Virginia authorities cited above.

2. All the authorities are also conclusive to show, that the widow takes no benefit from advancements brought into hotchpot. 7 Viner, Abr. 207, § 10; Ib. 213, § 6; Meigs, R. 630; 2 Lomax on Executors, 213, § 14; 1 Tuck. Comm. 181; 3 Dessaus. R. 199; 7 Conn. R. 1; 1 Pick. R. 157; 8 Ves. R. 51; 13 Ala. R. 653.

The widow only takes a child's part of the residue of the intestate's estate, after payment of his debts. Of course, then, she cannot take a share in the advancements, which do not form a part of the residue left after payment of debts.

The statute of Alabama, Clay, Dig. p. 173, § 4, and the statute of Mississippi, Hutch. Code, p. 621, § 2, in relation to the widow's distributive share, are alike. And it has been decided on the Alabama statute that the widow takes no benefit from advancements brought into hotchpot. 13 Ala. R. 653.

The court having, in the decree, directed that the advancement to the appellant should be estimated at its (then) " present value," the decree is erroneous; and the commissioners having given the widow the benefit of the advancements, as shown by their report, the court committed another error in confirming the report. It will be seen from the record that the slave Tim, advanced to Edwin A. Jackson, and the slaves Jane, Henry, and Beatrice, advanced to William R. Jackson, were brought into hotchpot, and divided in conformity with the decree. This will appear, by comparing the petition for a division with the commissioners' report. Although no exception was taken to the decree nor to the report, the case in 13 Ala. R. 653, is directly in point to show, that the action of the probate court may be revised in this court notwithstanding.

3. It may be objected, however, that although the record shows error, it does not show any injury to the appellant. The rule is, that injury will be presumed from error, unless the record itself rebuts the presumption, and shows affirmatively that no injury could have resulted. 21 Ala. R. 549, 558; 22 Ib. 23; 23 Ib. 664.

Jackson *v.* Jackson et al.

*George L. Potter*, for appellee.

Upon the facts of this case, the law is clear for the appellees. The appellant had received three slaves by way of advancement, and the complaint is, that the decree directs they shall be valued at their present value, instead of their value at the time of advancement.

This point depends upon the construction of the statute; and decisions from other States are of course useless, except so far as they suggest valid reasons to aid the court in the investigation. But it is proper, at the outset, to note the great difference between our statute, and the English act on which many of those decisions are founded. A brief glance at the two enactments will show that the same rule of decision cannot be applied to both.

The English act, 22 & 23 Car. 2, cap. 10, may be found in Bacon's Abridgment, tit. Executors and Administrators, II.

This act is important upon the other question raised by appellant, namely: The right of the widow to a share of the effects brought into hotchpot. It provides, first, for payment of debts, &c., and then declares that of the surplus, there shall be allotted " one third part of the said surplusage to the wife of the intestate, and all the residue by equal portions to and amongst the children," &c. It makes no provision for bringing advancements into hotchpot, as our act does, but provides that the distribution is to be among those of the children who have not received advancements equal to their share of the estate; and that where part of a share has been received by advancement, so much is to be added thereto as will make the share equal. Under such a statute it is obvious that the question as to values must be referred to the date of advancement, and that the widow could derive no benefit from the advancements. It requires no argument, therefore, to show that the English decisions, and others founded upon them, are wholly inapplicable here.

We admit that appellant is not chargeable with hires, and that, had he received money instead of slaves, he would not be chargeable with interest, because the statute authorizes no such charge; but we insist that, under our statute, all property

57 *

brought into hotchpot must be valued as of the date of the proceeding. The words of the statute are these: "Such advancements, both of real and personal estate, shall be brought into hotchpot with the whole real and personal estate descended; and such party returning such advancement as aforesaid, shall thereupon be entitled" to his proper portion, &c. Hutch. Co. 623, 624, § 51.

The party is to return, bring in the property advanced, and the question is, What value shall be put upon it when so returned and brought in? Here the advancement was of slaves, and the party elected to return and bring them in to the bulk of the estate, in order to a full and equal division. What was so returned? Simply the slaves; they were surrendered up as parcel of the estate, and were to be valued, presently, as part of it. No other mode could possibly be adopted. The statute does not permit a mere accounting for values at the dates of advancement; the party is not to be charged with the value and retain the thing advanced, as under the English rule, but the property advanced is to be brought in; and the present value must be the rule for its appraisement.

Another consideration confirms this view of the statute. The same rule applies to real and personal estate; both are to be brought in, and the same rule for valuation must be applied to both, as our statute plainly intends. Where lands are given as an advancement, they are rated at their value at the date of the proceedings in hotchpot. 1 Co. Litt. § 273. There is nothing showing an intent to change this rule, but a clear implication in its favor.

The learned counsel for appellant has cited many cases to sustain his positions, but they will be found to depend mainly on peculiar local statutes, dissimilar to ours. In Pennsylvania, North Carolina, and Maryland, the statutes are like the English act. 1 S. & R. 422; 1 Devy's Laws, p. 401; 1 Rev. Stat. N. Car. 368. The statute of Tennessee directs a valuation as of the time of the gift. Laws, Tenn. 251. The statute of Alabama fixes the value at date of the gift, and differs from ours also in this, that the advancement is not brought, but so much is added to it as will equalize the share. Clay's Dig. 197, § 26.

Decisions upon such a law are plainly inapplicable on either point involved in this case.

As to the right of the widow to her due share after the advancements are brought in, there should be no controversy. Our statute, in this particular, is wholly different from the English law, which allots the share of the widow out of the estate actually left by the decedent, and then provides for equalizing the share of the distributees. In this case, she is entitled to " a child's part" (Hutch. 621, § 2), and her allotment does not precede that of the other distributees. She takes, with her children, a child's part of the whole estate. Unlike the English law, our statute uses the words " parceners and distributees," and it shows no intent to restrict the benefit of the proceedings in hotchpot to the children, and those claiming under them. The widow is a distributee, and it is vain to say she is not within the words of the law.

But howsoever these questions are decided, we insist that appellant is not in a position to complain. No exceptions were filed, and there is nothing to show he has been injured in the matter of values. This court cannot presume the slaves had enhanced in value. The widow was a petitioner, claiming a division, and insisting that the advancement should be brought in, &c.; and the appellant raised no objection, but, on the contrary, consented to a division, as claimed by the petitioners. His consent, waiving process, and agreement to an immediate order for division, is set out in the transcript. After such consent, his objection comes too late on appeal. No exception having been filed to the report, and he assenting to distribution, as claimed by the widow, after advancements brought in, the waiver is complete.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court of Kemper county by the administrators of Matthew Jackson, deceased, for a division of the personal estate of the intestate among the heirs and distributees, and requiring some of them who had received certain slaves from the intestate, by way of advancement, to bring that property into hotchpot.

This writ of error is prosecuted by one of the distributees, who complains of error in the decree and in the division of the property made by the commissioners.

The first error assigned is, that the decree for the division directed that the slaves advanced to the distributees and brought into hotchpot should be appraised at their value at that time, and not at the time when the advancements were made; and that the appraisement and apportionment were made accordingly, estimating three slaves advanced to the plaintiff in error in the year 1846 or 1847 at their value in the year 1853, at which time they were, two of them, twenty years old, and the other thirteen years of age.

It is not denied on the part of the defendants in error, that the English rule, and that which prevails in many of the States of this Union, is, that the value of the property at the time of the advancement must govern in the distribution. But this is said to be founded on the terms of the English statute of distributions, or on statutes which have been passed in those States establishing that rule; and it is insisted that a different rule must prevail under our statute, which provides, that the "advancement shall be brought into hotchpot with the whole estate," and that "such party returning such advancement shall thereupon be entitled to his proper portion of the whole estate," &c. It is contended that by the terms of this statute, the party "bringing in" or "returning his advancement into the whole estate," surrenders his title to the property so returned, and merges it in the general estate, agreeing to take from the value of the whole of it his portion, which of course must be ascertained by the valuation to be put upon the property at that time.

We do not consider this a correct view of the subject. By the terms "bringing" or "returning" the advancement "into the whole estate," it was not intended that the party should relinquish his interest in that particular property; but it is intended to be "brought in" for the purpose of being taken into consideration in making a distribution of the entire estate, in order to ascertain whether it amounts to his full share of the estate. His title to the property is derived from the gift, and

cannot be affected by the distribution, and, consequently, its value must be estimated as at the time when the gift was made. Hence, he is not liable for interest on money advanced, or for the increase of slaves, and is not compelled to bring them into hotchpot.

This is the construction given by the courts of Virginia to a statute of that State, of which ours is a copy. See the statute in 2 Lomax, Ex'rs, 212, § 10. In the case of *Knight* v. *Yarborough*, 4 Rand. 568, the court of appeals say: " In cases of intestacy, where one of the children have been advanced, if he choose to bring his advancement into hotchpot, he does not thereby renounce his title, but retains it, and is entitled to have so much of the intestate's estate as will, with what he has already received, make his part equal to that of the other children ; and in such case, his advancement is valued at what it was worth at the time it was made; which value is added to the distributable fund, without interest or any account for profits." And again, on p. 569: " By the advancement, the property vests in the donee, and it is afterwards at his risk. The profits and increase are the profits and increase of his own property; and the donor can only be regarded as having parted with the real value of the thing when given. If the property perishes, or in any way depreciates in value, it is the loss of the donee. He accounts for the value when received, because he has taken so much out of the estate of the donor. They are in all cases the fruits, in part, at least, of the care and attention of the owner; and if any expense is incurred in securing them, it falls upon the owner of the property. It is a fundamental principle, that the person who has the title to property bears the loss arising from its destruction or deterioration, and is entitled to its increase and profits." The same rule is held in *Beckwith* v. *Butler*, 1 Wash. 225; *Hudson* v. *Hudson*, 3 Rand. 120; 2 Lomax, Ex'rs, 216, 217.

We consider this construction as furnishing a just and practical rule, and one in accordance with the general principles governing the subject.

The second objection urged against the proceedings is, that

it appears by the report of the commissioners, that in allotting the shares to the respective distributees, the widow's share was apportioned by taking into consideration and giving her the benefit of the property advanced to the other parties and brought into hotchpot.

The rule is well settled in England that advancements brought into hotchpot shall be considered only in the division among the children, and should not go to increase the distributive share of the widow. But it is said that this is not the case under our statute which speaks of distribution of the estate brought in, among the other "parceners and distributees," which terms include the widow.

We do not consider this a sound view of the statute. Under our law the widow is entitled to a child's part of the personal estate belonging to her husband at the time of his death. To that extent she is regarded as a distributee. We have above shown that advancements divest the title of the husband and vest it in the child; and it is only for purposes beneficial to the child that he has the privilege under the statute to bring the property advanced to him into the general estate. For all other purposes, the property advanced cannot be regarded in making distribution among the parties entitled to the assets of the estate.

The statute compelling parties desiring their distributive shares of the estate to bring into the account what they had already received, could not have been intended to have application to any others than those who had received advancements, and could not, therefore, apply to the widow, who could not be the recipient of an advancement. And as she would have nothing to subject to the proceeding of hotchpot, it is not to be presumed that she was intended to be embraced in its operation.

This is stated by respectable authority to be the proper construction of the Virginia statute, which is the same as our own. 2 Lomax, Exr's, 213, § 14; 1 Tuck. Com. 181. And it is also said to be the construction given to a similar statute in Alabama, in 13 Ala. R. 653, but which authority we have not been able to examine; and the principle on which it rests is recog-

Jackson *v.* Jackson et al.

nized by the supreme court of Massachusetts in the case of *Stearns* v. *Stearns*, 1 Pick. 157.

We consider the construction contended for in behalf of the plaintiff in error founded on good reason, and that it is the correct rule upon the subject.

But it is insisted in behalf of the defendants in error, that the plaintiff here has no right to complain, because no exceptions were taken to the commissioners' report, and it was regularly confirmed by the court, and it does not appear that he was injured by the valuation of the slaves advanced to him and allotted to him in the partition.

The error as to the valuation of the slaves is in the decree for distribution, and was carried out in the division made under it. The writ of error certainly extends to the decree and to errors of law apparent on its face. And we think that the correct rule is, that when error of law manifestly appears, the presumption of law is that it was to the prejudice of a party complaining of it, and that the judgment will be reversed by reason of it, unless it appear by the record that it did not operate to the injury of the party complaining.

But the facts appearing of record create a presumption almost as strong as proof, that the slaves advanced to the plaintiff in error were of greater value at the time of the distribution than at the time of the advancement. It appears by the record that two of the slaves were each twenty years of age, and the other was thirteen years of age, at or about the time of division in 1853, and that they had been given to the plaintiff in error in 1846 or 1847; so that two of them were about thirteen years of age, and the other about seven years of age, at the time of the advancement. It is thus apparent to the knowledge of every one acquainted with such property, that in every probability, the slaves must have been much more valuable intrinsically at the latter than at the former period, and that the plaintiff in error must have been injured by the rule of valuation prescribed by the decree.

The decree is reversed, the commissioners' report set aside, and the cause remanded to be proceeded with according to the principles herein stated.