SIBBY BLOOM Adm'r. v. WM. PRICE.

1. STATUTES—CONSTRUCTION.—The provisions of the Rev. Code, page 409, art. 23, regulating appeals from justices' courts, have no application to the law of Dec. 3d, 1863, and of course, the limitations of the former do not qualify those of the latter.

2. LEAVE TO AMEND—DISCRETION OF COURT.—Leave to amend under the statute is not an absolute right, which a party can insist upon unconditionally, but is a matter in the sound legal discretion of the court, to be exercised in relation to the facts and circumstances attending the application, and to the merits of the controversy, and in the furtherance of justice. This court will review the exercise of this discretion by the inferior courts, but in the absence of all facts showing error, it will be presumed that the court below to have acted correctly.

3. AMENDMENTS.—Amendments ought to be liberally allowed, and it is the duty of the courts to make them in the interests of justice, unasked; but this court, sitting for the correction of errors, can revise the action of the courts below, only when error is shown.

Error to the circuit court of Lawrence county. McNAIR, J.

*G. S. McMillan* for plaintiff in error.

The first error assigned is the judgment overruling the motion of the plaintiff to dismiss the appeal from the judgment of the justice's court. Joseph Bloom, under the act of the legislature, approved Dec. 3d, 1863, brought suit in the justice's court to recover a bale of cotton. See acts of 1862, and 1863, p. 129.

On the 10th November, 1865, the plaintiff had judgment The next regular term of the circuit court was begun and held Monday, Nov. 12, 1865. Hence only two days intervened between the rendition of the judgment in the justice's court and the beginning of the circuit court.

If defendant felt aggrieved by this judgment he had a right to appeal to the circuit court. By the terms of the act, he should have done so at the next term of the circuit court. The words of the act are, " the justice or clerk shall send to the circuit court, all the papers and proceedings, and a transcript of all the orders and judgments in said cause, and shall deliver the same to be there docketed for trial, and the said circuit court shall, at the first term, empanel a jury and hear and determine the said cause." There is some confusion of dates, but it is clear the appeal was taken on the 10th Nov., to the next term of the circuit court, which began on the 12th of that month, but more than five days after the rendition of judgment in the justice's court. The act fixes no limit within which the appeal shall be taken, but it seems clearly contemplated that it should be taken to the first term of the court succeeding the rendition of judgment. We insist, therefore, that the court below should have sustained the motion to dismiss the appeal.

The next assignment of error is the refusal of the court to permit the plaintiff to file his amended affidavit. This motion

was made under the same act of 1863, sec. 16, which says, "provided, the parties shall have the same right of amendment under this act, as under the acts providing a remedy by attachment." The plaintiff deeming his affidavit defective in describing the property, presented an amended one, and asked leave to file it, but this the court refused, which we think was clearly erroneous. The plaintiff was thus debarred of his right as secured under the act authorizing amendments in attachment cases.

There was no counsel for the defendant in error.

Tarbell, J.:

This cause originated in Lawrence county, in 1865, under the law of December 3, 1863, and was brought by Joseph Bloom, in his lifetime, to recover of defendant, William Price, the possession of a bale of cotton. The cause was tried in the justice's court, Nov. 10, 1865, resulting in a verdict for plaintiff; whereupon the defendant appealed to the circuit court. At the May term of the circuit court, 1866, the plaintiff moved to dismiss the appeal, which motion was overruled, and the plaintiff excepted.

At the November term, 1866, the plaintiff made a motion for leave to file an amended affidavit, which motion was overruled and the plaintiff excepted. At the same term a trial resulted in a verdict for plaintiff. On motion of defendant, a new trial was granted, to which plaintiff excepted.

At the May term, 1868, the death of plaintiff was suggested, and the suit was revived in the name of Sibby Bloom, adm'rx, etc. At the November term, 1868, a trial resulted in a verdict for defendant, and the plaintiff brought writ of error, to have the case reviewed by this court.

The plaintiff in error submits the following assignment of errors:

1. The court below erred in overruling the motion of plaintiff in error to dismiss the appeal.

2. The court erred in refusing to allow the plaintiff in error to file the amended affidavit.

The motion in the circuit court at the May term, 1866, to dismiss the appeal, was for the following reasons:

" 1. No appeal was asked for or taken at the time of the rendition of the judgment, nor was any appeal taken within five days.

" 2. The appeal was taken during the last term of this court to that term. The defendant had ample time to take his appeal before the commencement of the last term to that term, and not having availed himself of that right, he cannot appeal to a subsequent term of the court.

" 3. The appeal bond is insufficient in amount to cover the costs that have already accrued, and the security is insufficient, and for other reasons to be given on a hearing of the motion."

The trial in the justice's court from which the appeal was taken occurred Nov. 10, 1865. There was a term of the circuit court in Lawrence county, begun Nov. 12, 1865. The record which is apparently imperfect and meager, appears to have been filed in the circuit court on the 14th day of Nov., 1865, though there is no little confusion of dates as to granting the appeal. The record filed in this court begins thus: " State of Mississippi, Lawrence county, in the circuit court of said county, to November term 1865." Then follows the title of cause: " Appeal from justice's court." Then this recital: " Be it known that on the 14th day of November, 1865, the appellant from the justice's court, Wm. Price, filed his record in said justice's court in the circuit court of said county, it being the 3d day of November term of said court," etc.

Then follows what purports to be the record in the justice's court: 1. Petition for appeal. The record of this petition recites that defendant has " prayed and obtained," etc., an appeal to the next term of the circuit court," etc., " to be held in May next, 1866," and this appeal is " attested " by the clerk of the justice's court without date, and by one of the magistrates, under date of Nov. 16, 1865. 2. Then follows this entry: " Appeal bond filed Nov. 14, 1865, " following

which is the appeal bond dated Nov. 14, 1865. The bond is in the sum of $200 conditioned for the payment of the costs, " that accrued in said cause before said justices, and all costs that may accrue in the circuit court in case he shall fail therein." Following the bond is an entry thus : " Attest, J. Conent, clerk," etc. Then thus : "Approved this 15th day of Nov., 1865," and signed by one of the magistrates who tried the cause, supposed to be an endorsement upon an approval of appeal bond, though not so certified in form in the record. Then follows this entry : " Papers and part of record from justice's court, filed Nov. 14, 1865." 3. Following the above in the order named are, 1st. Affidavit for writ ; 2. Writ of replevin ; 3. Sheriff's return to writ ; 4. " Receipt filed with affidavit," of which this is a copy, to-wit :

" Received of Joseph Bloom, nine hundred dollars, the pay for two bales of cotton, at one dollar per pound ; the above cotton is a fair article, ginned and packed, and subject to the order of J. Bloom.

"Monticello, Miss., March 17, 1865.

[Signed]     William Price."

Endorsed, " Received on the within, one bale of cotton weighing 400 lbs., April 16, 1865."     [Not signed.]

5. Record of trial in the justice's court, etc., including jury and verdict. The first reference to this cause in the circuit court, except filing record Nov. 14, 1865, is the motion to dismiss the appeal thereto made May 31, 1866.

Sec. 18 of chap. 19, laws of 1863, p. 129, is as follows : " That either party aggrieved by the judgment of said justices may, after the final judgment, appeal to the circuit court, and on the appellant entering into bond and security in the presence of the justices before whom complaint was originally made, or one of the justices who tried the case, and the clerk acting on trial of the cause, to be attested by said clerk and approved by said justice, in a penalty of two hundred dollars to be paid to the opposite party, conditioned for the payment of the costs that may accrue in circuit court in case the appellant fail therein, but no appeal taken from

any proceeding or judgment under this act, shall operate as a *supersedeas*, and the said justice or clerk shall send to the circuit court all the papers and proceedings, and a transcript of all the orders and judgments in said cause, and shall deliver the same to the clerk of the circuit court to be then docketed for trial, and the said circuit court shall, at first term empannel a jury and hear and determine the said cause anew on its merits in a summary way, and may award restitution, if necessary, and make such other judgments and orders as the law and justice of the case may require." The last clause of sec. 16 of the above law is as follows : "The parties shall have the same right of amendment under this act as under the acts providing the remedy by attachment.".

Art. 15, Rev. Code, p. 378, provides that, " in all cases where an attachment bond or affidavit may be defective in any respect," etc, " the plaintiff shall be allowed to file a new affidavit, which shall be in all respects as valid and binding as if given at the commencement of the suit."

From a very unsatisfactory record, affording us barely a vague clue to the merits of the controversy between the parties, and none whatever to the reasons which influenced the circuit judge in his rulings, or the facts on which they were based, we are compelled to dispose of this case by the decision of alleged errors, aided only by a dubious presentation of a portion only of the facts, and these the least important.

There are only two questions in the case : 1. Ought the appeal to have been dismissed ? For aught that appears in the record the appeal was perfected; the circuit court obtained and assumed jurisdiction of the case, and the cause regularly continued by consent of both parties at the first term of the circuit court after the trial and judgment before the magistrate. The petition for appeal prays for the same "to the next term," etc., "to be held in May 1866," though the record was filed during the first week of November term, 1865.

The law of Dec. 3, 1863, is general in its terms, fixing no limit within which to appeal, but it requires the record in

the magistrate's court to be delivered " to the clerk of the circuit court, to be then docketed for trial, and the circuit court shall, at the first term, empannel a jury and hear and determine the said cause," etc.

We do not think the provisions of the code relative to appeals, art. 23, p. 409, have any application to the law of December 3, 1863, and of course, that the limitations of the former do not qualify the latter.

With the filing of the record in the circuit court, on the third day of the November term, 1865, the recital of facts ceases until the motion to dismiss at the May term, 1866, which motion was unsupported and unexplained by any facts, so far as the record shows, save what are contained in the notice of the motion itself.

It is fair to assume, therefore, that the circuit clerk duly docketed the cause for trial, and that the court was ready to empannel a jury and hear and determine the issue. If not, and whether counsel or either of them took any steps, the one to hasten a trial, the other to protect his rights, or whether both parties did not agree to its continuance, or what did or did not occur at the November term, 1865, the record wholly fails to state.

2. Did the circuit court err in refusing the application of defendant to file an amended affidavit? We answer this question according to the best understanding we can obtain from the record, that the circuirt judge rightly refused to allow the amendment. Neither the facts nor the reasons are given upon which the request was preferred and advocated.

Leave to amend in this, as in other cases, since the code is understood to be, not an absolute right which a party can demand and insist upon, unconditionally, but one resting in the sound, legal discretion of the court, in view of the facts and circumstances attending the application, and of the merits of the controversy in the furtherance of justice.

While the exercise of this discretion by the inferior courts is one which this court will review, yet in the absence of all

facts showing error, it is presumed the court below acted correctly.

The case at bar is clearly distinguishable from that of Jackson v. Jackson, 28 Miss., 674, wherein it was held, that "when error of law manifestly appears, the presumption of law is that it was to the prejudice of the party complaining of it, and that the judgment will be reversed by reason of it, unless it appear by the record that it did not operate to the injury of the party complaining;" whereas, in the case under consideration, error does not appear, and so the presumption is not raised as in that case.

Amendments ought to be liberally allowed, and it is the duty of the courts to make them, unasked, in the interests of justice; but this court, sitting for the correction of errors, can revise the action of the courts below only when error is shown. Such is believed to be the established usage of our predecessors. 34 Miss., 412; 32 Miss., 194–229.

In the case at bar, it is not made to appear that the judge who tried this cause at the circuit court, committed any errors. On the contrary, it is not only presumable, but we are of the opinion, upon the record presented to us, that his rulings were in accordance with justice and upon the merits. If the receipt filed with the affidavit for the writ of replevin is the basis of the controversy, which we can only infer, we are inclined to be satisfied with the result, as the plaintiff in error, if she chooses, can still test her remedy upon the contract, for its non-performance.

The judgment of the court below is affirmed.