IN THE MATTER OF THE ESTATE OF D. D. ST. VRAIN.

February 28, 1876.

Where children of an intestate, who have received advancements, refuse to
come into hotchpot, they are to be disregarded in making an order of dis-
tribution of the estate descended.

APPEAL from St. Louis Circuit Court.
*Affirmed*.

*Gottschalk*, for appellant, cited :   Wag. Stat. 530, secs.
6, 7.

*Samuel N. Holliday*, for respondent, cited :   Wag. Stat.
530, sec. 6 ; Wag. Stat. 529 ; Spradling *v.* Conway, 51
Mo. 51.

BAKEWELL, J., delivered the opinion of the court.

It appears from the record in this cause that, on final
settlement in the Probate Court of St. Louis county, of
the estate of Domitille D. St. Vrain, deceased, a balance
was found in the hands of the administrator, belonging to
said estate, of $1,584.17 for distribution ; whereupon the
following order of distribution was made by said court :

" It appearing to the court that Charles Leon St. Vrain is the only child and heir of said deceased who received no advancement from him, and that all the remaining children and heirs of said deceased, having received such advancements, decline and refuse to come into hotchpot, wherefore the court apportions the balance aforesaid, and orders the same to be paid and distributed by said administrator, in the manner following, to wit: To Mary St. Vrain, widow of said deceased, who has heretofore had and received of the assets of said estate the sum of $200, the further sum of $69.16, and the said Charles Leon St. Vrain the residue of said balance then remaining, to wit, the sum of $1,515.01, in addition to the sum of $100 heretofore received from said administrator."

From this judgment an appeal was taken to the Circuit Court, and, the cause being tried anew, the same order and judgment rendered in the Probate Court was given in the Circuit Court, in the words set out above. A motion in arrest of judgment and a motion for a new trial were duly filed by the administrator, which being overruled, the cause is brought here by the administrator by appeal.

It appears from the evidence in this cause that St. Vrain died in December, 1868, leaving a widow and seven children, of whom five were adults and children of a former bed. The two children of the second bed were aged, respectively, four years and one year and six months at the date of the intestate's death. In 1864, before the birth of the youngest child, deceased, being in bad health, divided his real estate, consisting of about 225 acres, equally among his children, the portion thus given to each being worth about $3,000, and one year afterwards he gave to each of his children by the first wife about $450 in cash, except to the elder, who was in Mexico, and who owed his father, then, a note for a much larger sum. The intestate gave as his reason for this action in the premises, that he did not expect to recover, and wished to divide his property himself, so as to leave

nothing to be done after his death.    The eldest child of the second marriage, named Emanuel C. St. Vrain, received his .equal portion of the land, but subject to the mother's life estate.    This life estate of the wife in the portion given to her then only son was all she received for relinquishing her dower in the portion given to the children of the first marriage.    Charles Leon St. Vrain, the youngest son, was not in existence when the above division was made, and nothing was ever given to him.    The widow and the two children are satisfied with the order,' and ask that the judgment of the Circuit Court be affirmed.

The law provides (Wag. Stat. 530, sec. 6, and p. 529, sec. 1) that, where any children of the intestate shall have received in his life-time any real or personal estate, by way of advancement, such children shall take no part of the estate descended unless they bring such advancements into hotchpot with the estate descended.    The Probate Court properly took into consideration these advancements, in making the order of distribution of the personalty ; to have refused to do so would have been to disregard a plain provision of law.    There is no merit whatever in this appeal.

The judgment of the Circuit Court is affirmed.    The other judges concur.