*In re* ESTATE OF ELLIOTT ; WILSON *et al., Plaintiffs in Error.*

**Jurisdiction of Probate Court:** ADVANCEMENTS: HOTCHPOT. In the final distribution or partition of the surplus property of an estate in the hands of the administrator, the probate court has the power to take account of all matters necessary to be considered in the ascertainment of the shares, and this includes taking an account of advancements, whether made by way of real or personal property. So far as the jurisdiction of the probate court is concerned, it makes no difference whether the advancement was by way of land, money or specific personal property, as it is only with the amount or value of the advancement that the court deals.

*Certified from the Kansas City Court of Appeals.*

REVERSED AND REMANDED.

In re Estate of Elliott.

*Cosgrove & Johnston* for plaintiffs in error.

(1) Under the statute of Missouri, advancements can be brought into the hotchpot in partition only, whether in realty or personalty ; and the probate court, in ordering the distribution of the estate in the hands of the administrator cannot consider such advancements.    R. S. 1879, sec. 2166 ; *Stewart v. Pattison*, 8 Gill ( Md.) 46 ; *Hayden v. Burch*, 9 Gill ( Md.) 79 ; *Lawrence v. Raynor Busbee*, N. C. Law, 113 ; *Jones v. Jones*, 2 Murphey ( N. C. Law ) 150 ; *Smith v. Hoy*, 3 T. B. Mon. 93 ; *Quinn v. Stockton*, 2 Litt. 348 ; *Stone v. Hailey*, 1 Dana, 197.    (2) Had the legislature intended by section 2166, Revised Statutes, to confer upon probate courts the powers to compel those to whom advancements in real estate had been made by their parents, to come into those courts and account upon the final distribution of the assets in the hands of the administrator or executor, as the case may be, different language would have been employed.    If the legislative intent was to add the value of the real estate advanced to the personal estate in the hands of the administrator to be distributed, it would, it is fair to presume, have said so.    "If the children of the intestate   *   *   *   shall choose to come into partition " ( not   into   "distribution)",   "such   advancements  shall  be  brought  into  hotchpot  with the estate descended."    Only  the  real  estate  "descended,"  the personal property goes to the executor or administrator. The word  partition was no doubt used in  its legal and technical sense.

*Draffen & Williams* for defendant in error.

Section 2166, Revised Statutes, was properly construed by the circuit and probate courts to apply to advancements in all cases of intestacy, whether the property left by the intestate consisted of realty, or personalty, or both.   " The  probate  court  properly

In re Estate of Elliott.

took into consideration these advancements in making the order of distribution of the personalty; to have refused to do so would have been to disregard a plain provision of the law.  *St. Vrain Case*, 1 Mo. App. 294 ; *Nelson v. Nelson*, 90 Mo. 460 ; *McReynolds v. Gentry*, 14 Mo. 495 ; *Spradling v. Conway*, 51 Mo. 51.

BLACK, J.—Henry Elliot died intestate,' leaving a widow and two children, namely, Mary, the wife of John A. Wilson, and Albert Elliot.   At the final settlement of the estate, there was in the hands of the administrator the sum of $1,794.25.   Other sums had been paid by him to the widow and children during the course of the administration.   During the lifetime of the deceased, he conveyed to his daughter Mary three hundred and twenty-five acres of land, and the deed contains a recital to the effect that she is to be charged therefor, as an advancement, with the sum of $11,200. The deceased advanced her in money and personal property in the further sum of one thousand dollars.   He conveyed to his son Albert lands by way of an advancement to the amount of $9,205.   The deceased left four or five hundred acres of land which have been divided between the children and the widow, the latter having elected to take a child's part.   Albert filed in the probate court a petition setting up these facts, asking that he and his sister be charged with these advancements in real and personal property and that the final distribution be made on that basis.   The probate court made an order in accordance with the prayer of the petition. Wilson and wife appealed to the circuit court. where on trial anew. that court made a like order.   Wilson and wife then sued out a writ of error from the Kansas City court of appeals and that court reversed the judgment of the circuit court.   27 Mo. App. 218.   The case was then certified to this court on the ground that the opinion therein filed was in conflict with the opinion of the St. Louis court of appeals in *In re St. Vrain*, 1 Mo. App. 294.

The contention on the part of the plaintiffs in error is that advancements can be brought into hotchpot in the partition of real estate only, whether made in real or personal property, and that the probate court in ordering the distribution of the personal estate, in the hands of the administrator, cannot consider advancements.

The subject of advancements is regulated by statute in this and perhaps all of the states of this Union. Kent says the basis of all of them is the provision in the statute of distribution of 22 and 23 Charles II, though there is some difference in the statutes of the different states. 4 Kent (13 Ed.) 419. In Virginia the statute has been quite different at different periods of time. 2 Lomax on Ex. (2 Ed.) 363. It would seem that in some of the states advancements in real estate are to be accounted for in the partition of the real property descended, and advancements in personalty in the division of the personal estate, and in other states no such distinction is made. Our statute therefore must be our guide. It is in these words :—"When any of the children of the intestate shall have received, in his lifetime, any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended." R. S. 1879, sec. 2166.

It is argued that an "estate descended" can only mean real estate, as the personal property goes to the administrator ; and that the term "parceners" has also a common meaning, and applies only to lands descended by inheritance, and it is with these definitions of the terms that the conclusion is reached contended for by plaintiffs in error, namely, that the advancements can only be considered in the partition of the real property descended.

There is a sense in which it may be said the personal property goes to the administrator. He must

inventory the same and such property constitutes the primary fund out of which the debts are paid. But under our law, he has no personal interest in the property. He takes for the sole purpose of administration. When the debts are paid, if there is personal property on hand and it is susceptible of division in kind, it must be "partitioned" by and under the proceedings pointed out in the administration law. R. S. 1879, secs. 246, 247. The heirs take this surplus of personal property by virtue of such a partition without any bill of sale or other transfer from the administrator; so that it is not improper at all to say that personal property descends. But it is useless to discuss definitions of the terms "estate descended," "parcenary" and "partition." The legislature could make its own definitions and it has done so in clear terms.

The first section of our statute concerning descents and distributions (sec. 2161) provides, that when any person, having title to any real or personal estate, shall die intestate as to such estate, "it shall descend, and be distributed in parcenary to his kindred, male and female, subject to the payment of his debts and the widow's dower in the following course." The course of descent is then pointed out, and it is the same as to both real and personal property. And then follows the section before quoted relating to advancements. It will be seen that personal property does descend to the heir, subject only to the payment of the debts and the widow's dower. And so too the personal property is distributed in parcenary. In these respects no distinction whatever is made between real and personal property. If a child has been advanced by either real or personal property or money, his share in the personal and in the real estate must abate by the amount of the advancement. In other words, the children must be made equal, and it matters not whether this equality be brought about in the partition of the real estate or the distribution or partition of the personal property.

Cases may arise where it will be necessary to take an account of advancements in the division of both the real and personal property.

Now as to the jurisdiction of the probate courts: These courts cannot, of course, entertain a proceeding for the partition of the real estate which has descended. They are courts of limited jurisdiction. But as to those matters over which they have jurisdiction, they are courts of vast powers. As heretofore said by this court, our probate courts were established with extensive powers and jurisdiction for the purpose of doing everything necessary to the full and final administration of estates, including the power to make distribution to the parties entitled thereto. *Pearce v. Calhoun*, 59 Mo. 271. They have power to determine the validity of demands presented for allowance against the estate. In this way they are called upon to administer the law concerning contracts, negotiable instruments and breaches of covenants in deeds to land, and when it comes to the distribution of the personal property they must be guided by the law concerning descents and distributions.

We have said bringing into hotchpot, under our statute, does not mean that the property or money advanced shall, in kind or specie, be thrown in with the property which has descended, but it is to be estimated and charged against the party according to its value at the time the advancement was made. *Ray v. Loper*, 65 Mo. 470. The party advanced does not relinquish his title to the particular property by bringing it into hotchpot, but it is brought in for the purpose of being taken into consideration in making the parties equal in the estate. *Jackson v. Jackson*, 28 Miss. 674. The court does not deal with the land advanced, but only with the value of it. So far as the jurisdiction of the probate court is concerned, it can therefore make no difference whether the advancement was by way of land, money or specific personal property, for it is with the

amount only of the advancement that the court deals.

Now the statute provides that the probate court must "order the payment of legacies and distribution of shares, as in case of debts, except that specific legacies shall be first satisfied." R. S. 1879, sec. 245. Appeals may be allowed from such orders. Sec. 292. Indeed, the whole administration law contemplates the distribution or partition of the surplus property in the hands of the administrator, and that must be done according to the statute of descents and distributions. The power to make distribution includes the power to take account of all matters necessary to be considered in the ascertainment of the shares, and this includes the taking an account of the advancements, whether made by way of real or personal property. Doubtless the parties may be equalized in the partition of real estate, but they may also be made equal in the division of the personal property by the probate court.

These views are confirmed and find support in the fact that advancements have been taken into account in the distribution of the personal estate by the probate courts from an early day to the present time, as will be seen from the following reported cases: *McReynolds v. Gentry*, 14 Mo. 495; *Spradling v. Conway*, 51 Mo. 51; *Nelson v. Nelson*, 90 Mo. 460; *In re St. Vrain*, 1 Mo. App. 294. It is true the jurisdiction of the probate courts does not appear to have been questioned in those cases, but they show a usage and practice which conforms to our present ruling. If we had a doubt about the proper construction of the statute, a uniform usuage and practice should go far to solve that doubt. Sedg. on Const. of Stat. and Const. Law (2 Ed.) 215. But in this case we entertain no doubt.

The judgment of the Kansas City court of appeals is reversed and the cause is remanded to that court with directions to affirm the judgment of the circuit court. All concur.