JOHNSON et al., Appellants, v. ANTRIKEN et al.

**Division One, June 29, 1907.**

PARTITION: Advancements: Collateral Kindred. Where intestate died without children or other descendants, the law does not compel his collateral kindred to bring into hotchpot lands conveyed to them by intestate during his lifetime. The statute (sec. 2913, R. S. 1899) requires children and grandchildren to bring in the advancements made to them, but it does not require collateral kindred to do so, nor did the common law or custom of London, and the courts will not write into the statute something that is not there.

Appeal from Christian Circuit Court.—*Hon. Asbury Burkhead,* Judge.

REVERSED AND REMANDED.

*G. Purd Hays* and *G. A. Watson* for appellants.

The facts in this case, as admitted by the pleadings and shown by the evidence, are that Joseph Lebow died intestate and without issue. The plaintiffs are nephews and nieces of Joseph Lebow, to whom Lebow in his lifetime had given a certain tract of land in the State of Tennessee. Defendants claim that plaintiffs should be compelled to bring the land given to them into hotchpot with the brothers and sisters of Mary Lebow, the deceased wife of Joseph Lebow, and share

with them as children and grandchildren do in case of an advancement. There is no rule of law that recognizes the doctrine of advancement except in case of children or grandchildren. The deed given to Lucy L. Johnson, et al., the plaintiffs, was a gift from their uncle, Joseph Lebow, in his lifetime. 1 Bouvier's Law Dictionary (14 Ed.), defining Hotchpot and Advancements; R. S. 1899, secs. 2913 and 2914; 4 Kent's Com. (8 Ed.), 442 to 446; 2 Blackstone's Com. (19 Ed.), pp. 154 to 156; 14 Mo. 495; Estate of Wm. G. Williams, 62 Mo. App. 339.

*Charles Farrar* and *Jacob Hartley* for respondents.

The court committed no error in dismissing plaintiffs' petition when they failed and refused to bring their advancement into hotchpot, the evidence of disinterested witness proving conclusively that the advancement was made by Joseph Lebow to plaintiffs herein in lieu of all the interest they might have as his heirs at law in his estate at the time of his death, which said advancement was received by them with full knowledge at the time of grantor's intention. A voluntary deed of conveyance without consideration to one's known heirs raises the presumption that it was intended as an advancement. Ray v. Loper, 65 Mo. 470; Ladd v. Stephens, 147 Mo. 319. Where property is given by an ancestor to his heirs without consideration, it is presumed to be an advancement, and in a partition suit must be brought into hotchpot. In re Estate of St. Vrain, 1 Mo. App. 294; Lisles v. Huffman, 88 Mo. App. 143; Ray v. Loper, 65 Mo. 470; Ladd v. Stephens, 147 Mo. 319. The term "children" as used in section 2913, Revised Statutes 1899, is a generic term, and is used interchangeably with "children," "heirs at law," "grandchildren" or "descendants," and the Statute of Descents and Distribution only directs the general

rules of inheritance and does not specify who are children, heirs, husband or wife, etc.  Copenhaver v. Copenhaver, 9 Mo. App. 200, 78 Mo. 55; In re Elliott's Estate, 27 Mo. App. 218; Waddle v. Waddle, 99 Mo. 339; Maguire v. Moore, 108 Mo. 267; Fanning v. Doan, 128 Mo. 323; Aull v. Day, 133 Mo. 337; Tiedeman on Real Property, sec. 672; 79 N. Y. 246; Jones v. Jones, 118 N. C. 440.

WOODSON, J.—This was a suit instituted by plaintiffs against the defendants in the circuit court of Christian county, asking for a partition of certain lands, fully described in the petition.

Joseph Lebow died seized of the lands, intestate, without issue.  Plaintiffs and defendants are his collateral heirs at law.  Prior to his death, for and in consideration of love and affection, he conveyed by a general warranty deed certain lands, located in the State of Tennessee, to the plaintiffs.  The defendants claimed, and the evidence tended to show, and the court found, that said conveyance to plaintiffs was made to them as an advancement.

Plaintiffs refused to bring those lands into hotchpot, and the court found the issues for defendants, and entered judgment accordingly.

In due time plaintiffs filed a motion for a new trial, which was, by the court, overruled, and they have brought the case to this court by appeal.

I.  The sole question presented by this record is, should the plaintiffs be compelled to bring the land conveyed to them into hotchpot?  If so, the judgment was for the right parties; but if not, then the judgment should be reversed and the cause remanded for another trial.

The plaintiffs contend that the conveyance of the land in Tennessee to them was a voluntary gift, and that they cannot be required to bring it into hotchpot,

because that law applies only to children and grandchildren and not to collateral heirs.

The statute requiring advancements to be brought into hotchpot is as follows: "When any of the children of the intestate shall have received, in his lifetime, any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended." [R. S. 1899, sec. 2913.]

This section of the statute requires only children of an intestate who have received advancements to bring them into hotchpot before they can share with the other children in the estate of the intestate; but the Kansas City Court of Appeals has construed it to mean grandchildren also. [Estate of William G. Williams, 62 Mo. App. 339.]

In that construction we concur, and, for the reasons therein stated, think the conclusion reached is sound. If the father is required to bring in the advancement, we can see no good reason why his children should not be required to account for that part of the estate which their father has received as his share. Otherwise, he and they would receive a double moiety of their grandfather's estate.

But the statute does not require any collateral heir to bring in advancements made to them before they can participate with other collateral heirs in the distribution of an estate. If it did, then we might be justified in holding that their descendants should be compelled to account for the advancements in the same manner that the descendants of lineal heirs are required to account; but as no such requirement is made of the collateral heirs, we do not feel justified in writing any such provision into the statute.

The common law made no such requirement, and the custom of London gave that right only to the lineal

heirs of the intestate.    [Estate of Wm. G. Williams, 62 Mo. App. 339.]

We have been cited to no case or text-book which bears out defendants' contention, nor have we, after diligent search, been able to find any such.  Such a construction of the statute as contended for by the defendants would be a judge-made law, pure and simple.

For the reasons herein stated, the trial court erred in denying plaintiffs' right to a partition of the land without first bringing into hotchpot the alleged advancements.

The judgment is reversed and the cause remanded for another trial according to the views herein stated.

All concur.