MARY SCHAPER'S Executor, Appellant, v. JOHN H. and FRANK SCHAPER, Administrators, Respondents.

St. Louis Court of Appeals.   Argued and Submitted June 5, 1911. Opinion Filed June 30, 1911.

1. DOWER: Child's Share: Nature of Right.   Though a widow, by section 349, Revised Statutes 1909, takes a child's share in her deceased husband's estate, she takes the share of a child in respect to quantity only, and does not take in the character and capacity of a child.

2. ————: ————: ————: Hotchpot.   While a widow is entitled to a child's share in her deceased husband's personal

estate, under section 349, Revised Statutes 1909, she is not a "parcener" within section 337, so as to entitle her to compel children, to whom advancements have been made, to bring such advancements into hotchpot, in determining the amount to which she is entitled to receive as a child's share.

3. ————: ————: **Personal Property.** Section 349, Revised Statutes 1909 endows a widow of only such personal property as belongs to the husband at the time of his death, and any disposition of personal property by gift or otherwise is valid, if made during his life and not made in fraud of the widow's right of dower.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Taylor R. Young* and *Avery, Young & Woolfolk* for appellant.

(1) Plaintiff as the widow of William Schaper, Sr., deceased, is entitled to a child's share in the estate of the said William Schaper, deceased. Sec. 349, R. S. 1909. This interest of the widow in the deceased husband's estate is precisely the same as the interest of a child therein. Cox v. Gun, 3 Mo. App. 348. (2) Plaintiff is a parcener within the meaning of the term parcener as set out in section 337, Revised Statutes 1909. In re Estate of Wilson, 98 Mo. 379; (overruling In re Elliott's Estate v. Wilson, 27 Mo. App. 218); Estate of Williams, 62 Mo. App. 339; In re Estate of St. Vrain, 1 Mo. App. 294.

*Charles Martin* and *Jesse H. Schaper* for respondents.

(1) By section 349 (concerning dower), Revised Statutes of Missouri 1909, the widow of a husband who dies, leaving a child or children or other descendants, is endowed in the personal estate of such husband, but she is endowed in such personal estate only as he owned

at the time of his death. And inasmuch as the plaintiff, as the widow of William Schaper, deceased, has been given her full dower under this statute in the course of the administration had in the probate court, she is entitled to nothing more. (2) The law of hotchpot is only applicable as between children or grandchildren of intestates—is not made in favor of the widow, and such children are not bound to bring advancements into hotchpot as between them and the widow. McReynolds, Ex'r, v. Gentry, Adm'r, 14 Mo. 495; Johnson v. Antriken, 205 Mo. 244.

REYNOLDS, P. J.—William Schaper died intestate in Lincoln county some time in the year 1905, leaving a widow and seven children. John and Frank Schaper were appointed administrators of his estate by the probate court of that county. In due course of administration, these administrators filed their second annual, that also being their final, settlement of their administration of the estate, and on that the probate court ordered distribution of the funds in the hands of the administrators. In due time and during the term at which this annual settlement was filed and approved, the residue in the hands of the administrators was divided into eight parts. Plaintiff, the widow of William Schaper, filed her exceptions to the settlement and order of distribution, her exceptions grouped into three clauses: First, that the order of distribution was erroneous in failing to charge the children of William Schaper with what were claimed to have been advancements made by him to them in his lifetime. Second, because no allowance in lieu of a year's provision not on hand at the time of the death of her husband had been made by the administrators in favor of the widow. The third clause of the exceptions attacks certain deeds alleged to have been executed by William Schaper and his wife, conveying certain lands to the various children, claiming that while they were advancements and she

had joined in the deeds, Mrs. Schaper was not able to read or write, and did not know that any specific consideration was mentioned in the deeds until after the death of her husband; that she had not acknowledged the same; that the consideration stated in them is not the real value of the property and that no consideration had been in fact paid. Wherefore she prayed that an order be entered by the court directing the administrators to take into account and consider the value of these lands, include that value in the estate to be distributed, charge each of said children with the value of the lands so received by each, and that the interest of the parties and heirs be then apportioned accordingly, one-eighth to each child and one-eighth to her, as widow, and that an order of distribution be made in conformity therewith; also that she be allowed a sufficient sum in money in lieu of one year's provisions in the way of meats, provisions, etc., not on hand at the time of her husband's death and necessary for her subsistence for one year. The probate court disallowed all these exceptions. The widow in due time appealed to the circuit court where on a trial anew the first and third exceptions were overruled and on the second exception the circuit court allowed the widow $125 in lieu of provisions not on hand, etc. From this the widow duly appealed to this court. Pending the determination of the appeal, she died and her executor has been duly substituted in her place.

In the language of the learned counsel for appellant, "the only question to be determined on this appeal is whether the widow is a 'parcener' within the meaning of that term in the 'hotchpot' statute, section 337, Revised Statutes 1909. If she is, the judgment of the trial court should be reversed with directions, and if she is not, then the judgment of the trial court should be affirmed."

Those counsel make two points in support of their contention: First, that plaintiff, as the widow, is

entitled to a child's share (one-eighth), in the estate of her deceased husband under section 349, Revised Statutes 1909, the interest of the widow, it is claimed, in the deceased husband's estate being precisely the same as the interest of a child therein. Second, plaintiff is a "parcener" within the meaning of the term "parcener" as that word is used in section 337, Revised Statutes 1909.

That plaintiff, as the widow of her deceased husband, is entitled to a child's share in his personal estate, under section 349 of our statutes, admits of no doubt. We cannot, however, accede to the claim made by the learned counsel for appellant, that the interest of the widow in the deceased husband's estate is precisely the same as the interest of a child therein, nor do we think that the authority cited, Cox v. Dunn, 3 Mo. App. 348, sustains this proposition. She is entitled to it in respect to quantity: that is to an equal share with the child or children; but we do not understand Cox v. Dunn to hold that she takes in the character and capacity of a child. We think this proposition is decided adversely to the contention of learned counsel for appellant by the authorities which we shall hereafter refer to under the second proposition.

The right of the widow here involved depends on the proper construction of sections 337 and 349, Revised Statutes 1909. Section 349 reads: "When the husband or wife shall die, leaving a child or children or other descendants, the widow or widower shall be entitled absolutely to a share in the personal estate belonging to the husband or wife at the time of his or her death, equal to the share of a child of such deceased husband or wife." This section, in substantially this form, has been of our law ever since 1845, with the change that as originally adopted in 1845, it included slaves as among the personal estate, and by amendment in 1901, it included the husband or widower, giv-

158 App.—39

ing him the same rights as the wife or widow had before then held.

Section 337, Revised Statutes 1909; which provides for bringing advancements into hotchpot, first appeared in our statutes in 1815. It then read, as now: "When any of the children of the intestate shall have received, in his lifetime, any real or personal estate, by way of advancement, shall choose to come into partition with the other parceners, such advancement shall be brought into hotchpot with the estate descended." Construing these two sections in McReynolds, Exec., v. Gentry, Admr., 14 Mo. 495, Judge NAPTON, speaking for our Supreme Court, held "that the law of hotchpot was not in the eye of the Legislature, when this section (now 349) of the dower law was passed, and we conclude it best to have it restricted to the distribution among children until it is deemed proper to make it apply to the widow by unequivocal language. The language of the section is, to say the least, obscure, if it was designed to introduce the law of hotchpot in favor of the widow." The conclusion was that what is now section 337 did not apply to the widow, that she was not of the "children," as that word is there used. This case has never been overruled, departed from nor criticized. It was cited approvingly by our Supreme Court in re Estate of Elliott, 98 Mo. 379, l. c. 385 (Elliott v. Wilson, 11 S. W. 739), in which case a decision of the Kansas City Court of Appeals, holding that the word "parcener" related solely to an interest in real estate, was overruled, our Supreme Court holding that it included interests in personal property as well as real estate and covered advancements made in either one form or the other. Its principle was adopted and approved in Johnson v. Antriken, 205 Mo. 244, 103 S. W. 936, in which latter case Judge WOODSON, speaking for Division No. 1 of our Supreme Court, held that section 337 is to be construed literally, in that it requires children alone

to bring advancements into hotchpot, save that it is extended to the children of those children, referring for this approvingly to Estate of Williams, 62 Mo. App. 339, as extending the word "child" to grandchild. Beyond this no decision of our Supreme Court or of the appellate courts has ever gone. It may be said in passing that if this was to be extended to the widow when taking a child's part, it might prove very disastrous to her, for if it includes the widow, she might herself be required to bring into hotchpot advancements that she had received from her husband, which advancements might far exceed the interest that she takes as a child.

It has been further held in McLaughlin v. McLaughlin's Admr., 16 Mo. 242, that our statute only endows the widow of personalty belonging to the husband at the time of his death and that any disposition he may make of chattels by gift or otherwise is valid, if made during his life and not made in fraud of the widow's right of dower. This case and Stone v. Stone, 18 Mo. 389, are quoted approvingly by Judge NORTON in Straat v. O'Neil, 84 Mo. 68, l. c. 71. [See also Kinne et al. v. Webb et al., 54 Fed. 34, l. c. 40.]

We therefore hold that as to the first and third clauses of the exceptions interposed by the widow, the action of the circuit court was correct.

As no complaint is here made of the action of the circuit court in allowing $125 in lieu of the year's provision, etc., it is not necessary to notice that.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.